JjPER CURIAM.
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Dana Patrick Karam, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
In December 1998, Roofing Supply, Inc. of Alexandria referred a collections matter to respondent for handling. Respondent did not communicate with his client, despite its numerous attempts to reach him concerning the matter.
In November 2000, Roofing Supply, Inc. of Alexandria filed a complaint against respondent with the ODC. In December 2000, and again in January 2001, the ODC forwarded a copy of the complaint to respondent by certified mail. Respondent failed to reply to the complaint, though he personally signed for the certified mail on both occasions. The ODC thereafter served respondent with a subpoena compelling him to appear on April 17, 2001 and answer the complaint under oath. Respondent failed to appear.
DISCIPLINARY PROCEEDINGS
On August 2, 2001, the ODC filed two counts of formal charges against respondent, alleging that his conduct violated the following provisions of the Louisiana 12Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 8.4(g) (failure to cooperate with the ODC in its investigation). The ODC further alleged that respondent failed to respond to a lawful demand for information from a disciplinary authority, in violation of Supreme Court Rule XIX, § 9(c).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.
In its submission, the ODC argued that respondent’s conduct was intentional and caused injury to his clients and others. The ODC also argued that a suspension is the baseline sanction for respondent’s misconduct, pursuant to the ABA’s Standards for Imposing Lavn/er Sanctions. The ODC suggested several aggravating factors are present in this case, including multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law (admitted 1987). The ODC identified no mitigating factors. Under these circumstances, the ODC recom *981 mended respondent be suspended from the practice of law for one year and one day.
Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

|sIn its August 28, 2002 report, the hearing committee found the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3). Turning to the issue of an appropriate sanction, the committee noted that respondent, despite his substantial experience in the practice of law, has failed to cooperate with the ODC and has shown a total lack of concern and respect for the disciplinary process. In particular, respondent has received several items of certified mail and a subpoena from the ODC, yet he has demonstrated no attempt to cooperate or communicate with the disciplinary agency. Under these circumstances, the committee recommended that respondent be suspended from the practice of law for three months, followed by a twelve-month period of supervised probation.
The ODC filed an objection to the leniency of the sanction recommended by the hearing committee.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3), and that respondent violated the Louisiana Rules of Professional Conduct as charged in the formal charges. The board determined respondent violated duties owed to his client, to the legal system, and as a professional, and that his conduct was knowing, if not intentional. Respondent’s client sustained damage, in that its legal matter was delayed and it was forced to retain new counsel to pursue the matter. The legal system and profession were damaged by respondent’s failure to cooperate with the ODC, delaying the disciplinary proceedings and adding unnecessary expense. The board concluded the baseline sanction for respondent’s misconduct is a suspension from the practice of law.
I/The board concurred in the aggravating factors cited by the committee, and recognized the mitigating factor of absence of a prior disciplinary record.
In light of these considerations, the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence, the board concluded the sanction proposed by the committee is too lenient. Accordingly, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case establish that respondent neglected a legal matter, failed to communicate with his client, and failed to cooperate with the ODC in its investigation. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 *982 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
| fjClearly, the aspect of respondent’s conduct which most disturbed the ODC, the hearing committee, and the disciplinary board was his failure to cooperate in the disciplinary investigation. As this court observed in Louisiana State Bar Ass’n v. Jones, 555 So.2d 1375, 1380 (La.1990), “failure to cooperate in the investigation of alleged misconduct not only prejudices the administration of justice, but also prejudices the attorney’s position, inasmuch as many complaints are handled at the investigatory phase without formal proceedings.” See also In re: Graham, 01-2930 (La.2/8/02), 807 So.2d 829. This statement is particularly applicable to the instant case, where the complaint against respondent was relatively minor in nature and could have been quickly resolved if he had simply complied with his professional obligation to cooperate with the ODC in its investigation. Under these circumstances, a period of suspension is necessary to impress upon respondent the need to fulfill his duties under the Louisiana Rules of Professional Conduct, both to his clients and to the disciplinary system. We conclude that a suspension from the practice of law for a period of one year and one day will adequately accomplish this purpose, and will serve to protect the public, the legal system, and the profession.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Dana Patrick Karam, Louisiana Bar Roll number 18279, be suspended from the practice of law in Louisiana for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.