*782 ATTORNEY DISCIPLINARY "PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from two sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Keith D. Thornton, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
•The underlying facts of these matters are not in dispute, having been stipulated to by the parties.

01-DB-092

The Matthews Matter

In April 2000, Natasha Matthews retained respondent to represent her in a paternity and child support matter, and paid the sum of $500 plus court costs. Respondent filed a petition on Ms. Matthews’ behalf and subsequently obtained the appointment of a private process server; however, service was never made on the defendant because Ms. Matthews was unwilling to pay for additional service attempts. Respondent has not refunded any portion of the fee Ms. Matthews paid.
In August 2000, Ms. Matthews filed a complaint against respondent with the ODC. Respondent answered the complaint in December 2000, following which the ODC requested additional information concerning the matter. Respondent failed to ■reply to the supplemental requests for information.

„li,P3-DB-0Q7

Count I — Failure to Cooperate
In August 2001, Louis LipinsM filed a complaint against respondent with the ODC. On September 25, 2001, and again on October 17, 2001, the ODC forwarded a copy of the complaint to respondent by certified mail. Respondent failed to reply to the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
*783 Count II — The West Matter
Teresa West paid respondent $500 to represent her in a child support matter. Respondent filed a petition on Ms. West’s behalf and obtained a hearing date, but the matter was passed by the court and no hearing was ever held. Respondent has taken no further steps to move Ms. West’s matter forward, has not withdrawn as her counsel, and has not refunded any portion of the fee Ms. West paid.
In November 2001, Ms. West filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, necessitating the issuance of a subpoena compelling him to appear on March 15, 2002 and answer the complaint under oath. Respondent did not appear on that date.
DISCIPLINARY PROCEEDINGS
On September 6, 2001, the ODC filed one count of formal charges against respondent in 01-DB-092, alleging that his conduct in the Matthews matter violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), 8.1(e) (failure to cooperate with the ODC in its investigation), |sand 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. On November 16, 2001, upon respondent’s failure to answer or otherwise reply to the formal charges, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the hearing committee considered written argument and documentary evidence submitted by the ODC on the issue of sanctions.[1] On December 5, 2002, the hearing committee recommended that respondent be suspended from the practice of law for three months for his misconduct in the Matthews matter.
On January 29, 2003, prior to the disciplinary board’s consideration of 01-DB-092, the ODC filed a second set of formal charges against respondent in 03-DB-007. In Count I of the second set of formal charges, the ODC alleged that respondent failed to cooperate in the investigation of the complaint filed by Mr. Lipinski, in violation of Rules 8.1(c) and 8.4(g) of the Rules of Professional Conduct. In Count II, the ODC alleged that respondent neglected Ms. West’s legal matter, failed to communicate with his client, and failed to cooperate in the investigation of the complaint filed against him, in violation of Rules 1.3,1.4, 8.1(c), and 8.4(g).
Respondent answered the formal charges in 03-DB-007 and generally denied any misconduct. He then filed a motion to recall the deemed admitted order entered in 01-DB-092. On May 9, 2003, the disciplinary board granted respondent’s motion and recalled the deemed admitted order. The board also consolidated the two sets of formal charges and remanded the consolidated matters for a hearing before a hearing committee.

\ ¿Hearing Committee Recommendation

Considering the stipulated facts, and the testimony and documentary evidence presented at the hearing, the hearing committee determined that respondent neglected Ms. West’s child support matter and failed to keep her reasonably informed about the status of her case. Respondent also failed to cooperate with the ODC in its investigation of the complaints filed by Ms. Matthews, Mr. Lipinski, and Ms. West. However, the committee did not find clear and *784 convincing evidence of any substantive misconduct in connection with the Matthews matter. The baseline sanction for respondent’s misconduct is a suspension from the practice of law.
As aggravating factors, the committee recognized respondent’s prior disciplinary offenses[2] and multiple offenses. The committee found no mitigating factors are present.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day, followed by a period of supervised probation.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board generally accepted the hearing committee’s factual findings, and agreed that the committee properly applied the Rules of Professional Conduct. The board specifically noted its agreement that the ODC failed to prove any substantive misconduct arising out of the Matthews matter. Ms. Matthews’ case did not move forward because she refused to pay for additional attempts to serve the | ^petition on the defendant. Moreover, respondent was never terminated by Ms. Matthews, and she never requested a refund of the fee from him prior to the filing of her complaint. At the time of the hearing, Ms. Matthews’ whereabouts were unknown. Based on this reasoning, the board determined that respondent did not violate Rules 1.8, 1.4, and 1.16(d) in connection with the Matthews matter.
The board found respondent knowingly violated duties owed to his clients and to the profession. Respondent’s conduct caused injury to Ms. West because her case was delayed, and his failure to cooperate with the ODC caused unnecessary depletion of the agency’s resources in that additional investigative efforts were necessary.
The board adopted the aggravating factors cited by the hearing committee, and also recognized respondent’s substantial experience in the practice of law (admitted 1990). The board found no mitigating factors are present.
Considering the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence of this court, the board recommended that respondent be suspended from the practice of law for one year and one day, followed by a period of supervised probation. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The joint stipulation of facts submitted by the parties establishes that respondent neglected a legal matter and failed to communicate with his client. He also failed to cooperate with the ODC in three separate disciplinary investigations. Therefore, the | fisole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, *785 preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his client, Ms. West, when he neglected her child custody matter and failed to keep her informed of the status of her case. Respondent’s actions caused Ms. West’s legal matter to be delayed. Moreover, respondent failed to cooperate with the ODC in its investigation of three complaints filed against him. The baseline sanction for such misconduct is a suspension from the practice of law. See, e.g., In re: Karam, 03-0755 (La.6/27/03), 852 So.2d 979; In re: Bonnette, 01-1401 (La.6/29/01), 791 So.2d 68; In re: Smith, 00-2627 (La.11/27/00), 775 So.2d 1. In light of the aggravating factors found by the board to be applicable in this case, and considering the absence of any factors in mitigation, we conclude that a one year and one day suspension is necessary to protect the public, the legal system, and the profession.
Accordingly, we will accept the disciplinary board’s recommendation of discipline.[3]
JjDECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Keith D. Thornton, Louisiana Bar Roll number 20392, be suspended from the practice of law in Louisiana for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent filed nothing for the hearing committee's consideration.

. In 2000, respondent was admonished by the disciplinary board for failing to cooperate with the ODC in a disciplinary investigation (see 00-ADB-048).

. The hearing committee and disciplinary board both recommended that respondent’s suspension be followed by a period of supervised probation with conditions. However, such issues, along with any other relevant factors, may be addressed if and when respondent applies for reinstatement. See In re: Welcome, 02-2662 (La.1/24/03), 840 So.2d 519; In re: Harris, 99-1828 (La.9/17/99), 745 So.2d 1172.