952 So.2d 668 (2007)
In re Janie W. KEHR.
No. 2007-B-0071.
Supreme Court of Louisiana.
March 23, 2007.

*669 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Janie W. Kehr, an attorney licensed to practice law in Louisiana but currently inactive.[1]

UNDERLYING FACTS
In May 2003, Tonja Lee Horton hired respondent to handle a child custody matter. Ms. Horton paid respondent $2,000 and provided her with all of the information she requested. Thereafter, respondent neglected the matter and failed to communicate with her client despite Ms. Horton's numerous attempts to contact her.
Ms. Horton filed a complaint against respondent with the ODC. The ODC forwarded a copy of the complaint to respondent. Respondent requested additional time to file a response. Several months later, she sent a letter to the ODC in which she stated that she had entered inactive status and requested the ODC close all remaining files open in her name. The ODC advised respondent that she was still required to answer Ms. Horton's complaint, despite her inactive status. Respondent failed to reply.

DISCIPLINARY PROCEEDINGS
The ODC filed one count of formal charges against respondent, alleging her conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), and 8.1(c) (failure to cooperate with the ODC in its investigation).
Respondent was served with the formal charges via certified mail. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court *670 Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Recommendation
After reviewing the ODC's deemed admitted submission, the hearing committee found the following: Ms. Horton retained respondent to assist her in a domestic matter. However, after receiving $2,000 from Ms. Horton, respondent failed to move the matter forward and failed to keep her client informed. Respondent also failed to cooperate with the ODC in its investigation and failed to respond to Ms. Horton's complaint even after asking for additional time to do so.
Based on these factual findings, the committee determined that respondent violated Rules 1.3, 1.4(a), and 8.1(c) of the Rules of Professional Conduct. The committee found that respondent violated duties owed to her client and to the legal profession. She acted negligently and caused actual harm in the amount of thousands of dollars to Ms. Horton. Based on the ABA's Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is suspension.
The committee also found the following aggravating factors present: prior disciplinary offenses,[2] bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and indifference to making restitution. The committee found no mitigating factors.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day. The committee also recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After reviewing this matter, the disciplinary board determined that the hearing committee's factual findings are supported by the record. The board also determined that the committee properly found respondent violated the Rules of Professional Conduct as charged.
Based on these findings, the board determined that respondent violated duties owed to her client and to the legal profession. Contrary to the committee's finding, the board determined that respondent's conduct was knowing. However, it agreed with the committee's finding that the amount of injury caused by respondent to Ms. Horton is significant because respondent has failed to refund the $2,000 fee or provide Ms. Horton with an accounting. The board also agreed with the aggravating factors found by the committee and determined that there are no mitigating factors present. Relying on the ABA's Standards for Imposing Lawyer Sanctions and this court's prior jurisprudence, the board determined that the baseline sanction is a suspension for one year and one day. Accordingly, the board recommended that respondent be suspended *671 from the practice of law for one year and one day and render an accounting and make the appropriate restitution to Ms. Horton. Furthermore, the board recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed-admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed-admitted facts in this matter indicate that respondent accepted a $2,000 fee to handle a legal matter then neglected the matter and failed to communicate with her client. She also failed to cooperate with the ODC in its investigation. Based on these deemed-admitted facts as well as the other evidence in the record, we conclude the ODC has proven in a clear and convincing manner that respondent has violated Rules 1.3, 1.4(a), and 8.1(c) of the Rules of Professional Conduct.
Having found professional misconduct, the sole remaining issue presented for our consideration is the appropriate sanction for respondent's misconduct. In imposing a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
The primary divergence between the hearing committee and disciplinary board was over whether respondent's conduct was negligent or knowing. Based on the evidence contained in the record, we are unable to determine whether respondent's neglect of Ms. Horton's case was the product of negligence or was an intentional act. Regardless of respondent's state of mind, however, we find her conduct caused significant and actual harm to Ms. Horton by delaying resolution of her case and depriving her of funds.
Several aggravating factors are present in this case, the most significant of which is respondent's prior discipline in 2003 for similar misconduct. We are unable to discern any mitigating factors from the record.
In determining an appropriate sanction for respondent's misconduct, we take guidance *672 from In re: Thornton, 04-0488 (La.7/2/04), 876 So.2d 781. In that case, we suspended an attorney for a period of one year and one day for neglecting a legal matter, failing to communicate with a client, and failing to cooperate with the ODC. Notably, as in the instant case, the attorney had a prior admonition for similar misconduct, and no mitigating factors were present.
Considering the record as a whole, we conclude a similar sanction is appropriate in the instant case. Accordingly, we will suspend respondent from the practice of law for one year and one day, which will necessitate a formal application for reinstatement. We will also order respondent to render an accounting and make restitution to her client.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Janie W. Kehr, Louisiana Bar Roll number 25432, be suspended from the practice of law in Louisiana for a period of one year and one day. It is further ordered that respondent render an accounting and make restitution to her client. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] Respondent requested that her status be changed to inactive as of 11/26/03
[2] Respondent received an admonition in July 2003 for neglecting a legal matter, failing to communicate with a client, and including inappropriate language in her employment contract in violation of Rules 1.3, 1.4(a), and 1.5 (fee arrangements) of the Rules of Professional Conduct. The committee noted that these violations are essentially the same violations as those in the instant matter.