958 So.2d 656 (2007)
In re Keith D. THORNTON.
No. 2007-B-0204.
Supreme Court of Louisiana.
June 15, 2007.
*657 PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Keith D. Thornton, an attorney licensed to practice law in Louisiana, but currently suspended from practice.

PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1990. In 2000, respondent was admonished by the disciplinary board for failing to cooperate with the ODC in a disciplinary investigation. In 2004, this court considered a proceeding involving two sets of formal charges against respondent for misconduct that occurred between 2000 and 2002. These charges alleged that respondent neglected a legal matter, failed to communicate with a client, and failed to cooperate with the ODC in three separate disciplinary investigations. After considering the record, we suspended respondent for one year and one day. In re: Thornton, 04-0488 (La.7/2/04), 876 So.2d 781 ("Thornton I"). Respondent has not sought reinstatement from this suspension; accordingly, he remains suspended from the practice of law.

UNDERLYING FACTS
In April 1997, respondent filed a personal injury suit on behalf of the plaintiff in the matter captioned Charles Seiss, Jr. v. First Pentecostal Church of Alexandria, Louisiana, Inc., No. 187,631 on the docket of the Ninth Judicial District Court. After filing suit, respondent hampered discovery by canceling his client's deposition on several occasions, failing to respond to written discovery requests, and failing to appear for his client's deposition. As a result, in February 1998, defense counsel, attorney Lawrence S. Searcy, Jr., filed motions to compel discovery and for sanctions. The trial judge subsequently ordered the plaintiff to respond to discovery before March 13, 1998. Thereafter, Mr. Searcy was finally able to take the plaintiff's deposition, and the matter began to proceed towards trial.
On July 10, 2000, respondent requested that the matter be set for a status conference so that a trial date could be selected. On July 27, 2000, the matter was set for a jury trial (third setting) on September 18, 2001.
Thereafter, Mr. Searcy sent respondent additional discovery requests. Respondent failed to respond to the discovery, notwithstanding that Mr. Searcy sent him reminder letters in July and August 2001 requesting that he answer the discovery before the September trial date. That trial date was eventually continued because *658 another matter went forward. The trial court reset the case for trial as a first setting on July 23, 2002, and new deadlines were set for submitting witness and exhibit lists, subpoenas, pretrial memoranda, and discovery of exhibits.
Respondent appeared for the trial in July 2002 but did not submit witness and exhibit lists or a pretrial memorandum, as required by the pretrial order. Accordingly, the trial court dismissed the case at the plaintiff's costs plus $1,200 as attorney's fees to the defendant.
Respondent did not make arrangements to pay the costs despite numerous requests by the clerk of court, and the clerk of court would not dismiss the suit until the costs were paid. In response, Mr. Searcy filed a motion to enforce payment of costs. On May 9, 2003, the judge signed another judgment ordering the plaintiff to pay all court costs and $1,200 in attorney's fees to the defendant. Respondent still failed to pay the costs despite receiving a letter from Mr. Searcy dated September 11, 2003 informing him that if he paid the costs within fifteen days he would not have to pay the $1,200 attorney's fee.
On November 21, 2003, Mr. Searcy filed a motion and judgment for contempt of court and for sanctions against respondent personally for failing to pay the costs. On January 26, 2004, the trial court held respondent in contempt of court and ordered him to pay an additional $1,000 to the defendant for his failure to properly pay the costs. On February 18, 2004, a civil warrant was issued for respondent's arrest for failing to comply with the order to pay the costs.
Respondent's client, Mr. Seiss, alleged that his suit was dismissed because of respondent's actions. He telephoned respondent repeatedly throughout the representation, but his phone calls were not answered or returned. Furthermore, respondent never informed Mr. Seiss of the numerous court dates or the status of the case.
Mr. Searcy filed a complaint against respondent with the ODC in February 2004. The ODC sent respondent two notices of the complaint via certified mail; however, he failed to respond, necessitating the issuance of a subpoena for his sworn statement.

DISCIPLINARY PROCEEDINGS
In 2005, the ODC filed one count of formal charges against respondent, alleging his conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Recommendation
After reviewing the ODC's deemed admitted submission, the hearing committee found that respondent hampered the discovery process in Mr. Seiss' case by canceling his client's deposition on several occasions, *659 failing to return written discovery, and failing to appear for his client's deposition. Mr. Searcy, the opposing counsel, was required to file a motion for sanctions for respondent's failure to appear at his client's deposition. The judge ordered respondent to respond to outstanding discovery. Respondent appeared for the trial but had failed to comply with the judge's pretrial order. As such, the judge dismissed Mr. Seiss' case and ordered respondent to pay all court costs and $1,200 in attorney's fees to the defendant. Respondent failed to pay the costs and fees, and as a result, the judge held him in contempt of court and issued a warrant for his arrest. Respondent also failed to return his client's phone calls or keep him informed of the numerous court dates or the status of the case. The ODC mailed a copy of Mr. Searcy's complaint to respondent via certified mail. Despite the fact that the mail was signed for, respondent failed to respond to the complaint, and the ODC had to subpoena him to provide a sworn statement.
Based on these factual findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee found that respondent violated duties owed to his client and to the legal profession. He acted knowingly and caused potential injury to his client. Based on the ABA's Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is a period of suspension.
The committee found the following aggravating factors are present: prior disciplinary offenses, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law. The committee found no mitigating factors.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After reviewing this matter, the disciplinary board determined that the hearing committee's factual findings are supported by the record. The board also determined that the committee properly found respondent violated the Rules of Professional Conduct as charged.
The board found that respondent knowingly violated duties owed to his client, causing actual harm. In aggravation, the board recognized the following factors: prior disciplinary offenses, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law. The board found that no mitigating factors are present. Relying on the ABA's Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is a period of suspension.
Finding that the instant misconduct occurred during the same time frame as the misconduct in Thornton I, the board applied the approach established in Louisiana State Bar Ass'n v. Chatelain, 573 So.2d 470 (La.1991), wherein this court held that "[w]hen a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously." The *660 board determined that had the instant matter been considered simultaneously with Thornton I, a two-year suspension would have been appropriate.
Accordingly, the board recommended that respondent be suspended from the practice of law for two years, to run concurrently with the suspension imposed in Thornton I. The board also recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this matter indicate that respondent neglected his client's personal injury case, causing it to be dismissed, failed to communicate with his client and keep him informed of the status of his case, failed to make reasonable efforts to expedite the litigation by hampering the discovery process, engaged in conduct that was prejudicial to the administration of justice by failing to comply with a court order to pay costs and attorney's fees, and failed to fully cooperate with the ODC in its investigation. In acting as he did, respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Having found professional misconduct, the sole remaining issue presented for our consideration is the appropriate sanction for respondent's misconduct. In imposing a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
We find that respondent acted knowingly, if not intentionally, and violated a duty owed to his client. Respondent caused actual harm to his client, whose lawsuit was dismissed by the trial court. The baseline sanction for respondent's misconduct is a period of suspension.
The following aggravating factors are present in this matter: prior disciplinary offenses, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, *661 and substantial experience in the practice of law. No mitigating factors are supported by the record.
Considering the aggravating factors present in this case, in particular respondent's lengthy prior disciplinary record for misconduct similar to that at issue here, we find the appropriate sanction is a two-year period of suspension. In its report, the disciplinary board recommended that this suspension run concurrently with the suspension in Thornton I. We disagree. A close review of the record reveals that the misconduct in this case began as early as 1997 and lasted until 2004. The misconduct at issue in Thornton I occurred between 2000 and 2002. While there is some overlap in these time periods, the instant misconduct extended well beyond the misconduct in Thornton I. Therefore, the Chatelain approach is not appropriately applied in this matter. Rather, the two-year period of suspension we now impose will commence from the finality of judgment.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Keith David Thornton, Louisiana Bar Roll number 20392, be suspended from the practice of law in Louisiana for a period of two years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.