*1187 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Darryl L. Robertson, an attorney hcensed to practice law in Louisiana.
UNDERLYING FACTS
The underlying facts of this matter are not in dispute, having been stipulated to by the parties.
In June 2005, Glen Brown hired respondent on a contingency basis to represent him in a claim against his employer, whom he alleged released his confidential medical information without his authorization. In September 2005, respondent filed a petition for damages on Mr. Brown’s behalf in the Fifth Judicial District Court for the Parish of Richland. In October 2005, the defendant removed the case to the United States District Court for the Western District of Louisiana.
Respondent was not admitted to practice law in the Western District of Louisiana. Nevertheless, he took no formal action to gain admission in the Western District of Louisiana, inform Mr. Brown of his option to obtain new counsel, or protect Mr. Brown’s interests in any way. He also did not inform the Western District of Louisiana of his deficient admission status or subsequent changes to his address |2and telephone number. He failed to properly communicate with Mr. Brown, opposing counsel, and the clerk of court and judge of the Western District of Louisiana. He also failed to file the requisite documents in the case. Because of respondent’s failure to comply with opposing counsel’s requests and the orders of the court, Mr. Brown’s case was dismissed on March 9, 2006.
After retaining respondent, Mr. Brown was unable to contact respondent, despite numerous attempts. Respondent did not return Mr. Brown’s telephone calls to his home, private law office, or pubhc defender’s office.[1] Mr. Brown also mailed certified letters to respondent, which were returned to him. Mr. Brown was unaware of the status of his legal matter for approximately one year and four months. Respondent admitted that he moved his office but did not notify any of his clients. Instead, he submitted a change of address/forwarding order form to the post office.
On September 14, 2006, Mr. Brown filed a complaint against respondent with the ODC. Respondent received notice of the complaint on September 23, 2006. On September 28, 2006, respondent sent Mr. Brown a letter informing him to seek other counsel because he was not admitted to practice law in the Western District of Louisiana. Respondent did not inform Mr. Brown that his case had been dismissed.
DISCIPLINARY PROCEEDINGS
In February 2008, the ODC filed one count of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a *1188 client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.15(d) (failure to ^promptly return a client’s property, i.e., the client’s file), 1.16(b)(1) (a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client), 1.16(c) (a lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation), 1.16(d) (obligations upon termination of the representation), 2.1 (a lawyer shall exercise independent professional judgment and render candid advice in representing a client), 3.2 (failure to make reasonable efforts to expedite litigation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). Respondent answered the formal charges, stating, “I accept full responsibility, and ask that the board consider some disciplinary action short of suspension or disbarment.”
Prior to a formal hearing in this matter, respondent and the ODC stipulated to the above facts and rule violations.[2] Because of the stipulations, respondent and the ODC agreed that a formal hearing was unnecessary.

Hearing Committee Report

After considering the stipulation, the hearing committee found that the factual allegations of the formal charges, as set forth in the underlying facts section above, have been admitted and proven by clear and convincing evidence. The committee also found that respondent violated the Rules of Professional Conduct as alleged in the formal charges and stipulated to by the parties.
|4Based on these findings, the committee determined that respondent knowingly, if not intentionally, violated duties owed to his client and the legal profession. He displayed a disregard for the welfare of his client, the legal profession, and the legal system. Relying on the ABA’s Standards for Imposing Lawyer Sanctions and this court’s prior jurisprudence, the committee determined that the baseline sanction is a “short to moderate period of suspension with a portion of the suspension deferred.”
In aggravation, the committee found a dishonest or selfish motive, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rales or orders of the disciplinary agency, and vulnerability of the victim. The only mitigating factor the committee acknowledged was the absence of a prior disciplinary record.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year, with six months deferred, followed by six months of supervised probation. The committee further recommended that respondent be required to successfully complete the Louisiana State Bar Association’s Ethics School.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board adopted the hearing committee’s factual findings. Based on those facts, the board *1189 found that respondent violated the Rules of Professional Conduct as alleged in the formal charges, with one exception-the board found that respondent did not violate Rule 1.16(c) because the court had already ^dismissed Mr. Brown’s lawsuit when respondent informed Mr. Brown that he was withdrawing from his case.
The board determined that respondent knowingly, if not intentionally, violated duties owed to his client and the legal profession. By failing to inform Mr. Brown that his lawsuit had been dismissed and that a malpractice claim against respondent should be evaluated by another attorney, the board determined that respondent displayed a disregard for Mr. Brown’s welfare. Respondent’s conduct caused actual harm to Mr. Brown. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions and this court’s pri- or jurisprudence, the board determined that the baseline sanction is suspension.
The board agreed with the aggravating and mitigating factors found by the committee, which were also stipulated to by respondent and the ODC. In addition, the board recognized the mitigating factor of inexperience in the practice of law, reasoning that the misconduct occurred in 2005 and 2006, while respondent was admitted to the practice of law in 2002. Moreover, the board noted that respondent handled Mr. Brown’s case on the side from his main job as a public defender.
In light of respondent’s inexperience in the practice of law, the board recommended that he be suspended from the practice of law for one year, fully deferred, subject to one year of supervised probation, with a practice monitor appointed to monitor respondent’s private practice only. The board further recommended that respondent be required to successfully complete Ethics School.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
| fiDISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
As previously noted, the facts in this case are not in dispute, as they were stipulated to by respondent. Essentially, respondent neglected Mr. Brown’s case, causing it to be dismissed. Respondent failed to communicate with Mr. Brown, including failing to inform him that his case had been dismissed, and failed to respond to opposing counsel’s requests or comply with the federal court’s orders. Eventually, respondent informed Mr. Brown that he was not admitted to practice law in the Western District of Louisiana and advised Mr. Brown to seek other counsel. Nonetheless, respondent failed to return Mr. Brown’s file. Furthermore, by the time respondent withdrew from the representation, Mr. Brown’s case had already been dismissed.
Because these facts clearly support the violations of the Rules of Professional Conduct as found by the disciplinary board, the primary issue presented for our *1190 consideration is the appropriate sanction. In resolving that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his client, the legal system, and the legal profession. His conduct caused actual harm to Mr. Brown, in that his case was dismissed. The ABA’s Standards for Imposing Lawyer Sanctions establishes suspension as the baseline sanction.
Respondent stipulated to the aggravating factors found by the hearing committee and the board. Nonetheless, the only aggravating factor which is actually supported by the record is bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency. This is related to respondent’s failure to provide the ODC with a timely or adequate written response to Mr. Brown’s complaint, necessitating the issuance of a subpoena to obtain his sworn statement. However, this single instance of failure to cooperate with the ODC’s investigation is mitigated by the fact that respondent has cooperated fully since that time, even going so far as to stipulate to rule violations and aggravating factors that are not fully supported by the record. We agree with the board that the mitigating factors of absence of a prior disciplinary record and inexperience in the practice of law are present.
Under all the circumstances, we find that a one-year suspension is appropriate for respondent’s misconduct. Considering the mitigating factors present, we will defer the suspension in its entirety, subject to the condition that respondent successfully complete a one-year period of probation governed by the conditions recommended by the disciplinary board, including attendance at Ethics School. Any | ¿failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Darryl L. Robertson, Louisiana Bar Roll number 28202, be and he hereby is suspended from the practice of law for a period of one year. This suspension shall be deferred in its entirety, subject to respondent’s successful completion of a one-year period of probation governed by the conditions recommended by the disciplinary board, including attendance at Ethics School. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, J., dissents and would impose a period of actual suspension.
VICTORY and WEIMER, JJ., dissent in part, concur in part and assign reasons.

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice Pro Tem-pore, participating in the decision.

. Respondent indicated that his main employment is as a public defender, but he maintains a private law practice on the side.

. The parties’ stipulation also encompassed numerous additional rule violations set forth in the ODC's pre-hearing memorandum. The disciplinary board correctly rejected these additional stipulations due to the ODC's failure to amend the formal charges and thereby provide respondent with adequate notice of the new allegations.