PER CURIAM
[ iThis proceeding arises out of an application for reinstatement to the practice of law filed by petitioner, Keith D. Thornton, an attorney currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2004, we suspended petitioner for one year and one day for engaging in misconduct that included neglect of a legal matter, failure to communicate with a client, and failure to cooperate with the ODC in three separate investigations. In re: Thornton, 04-0488 (La. 7/2/04), 876 So.2d 781 (“Thornton I”). Petitioner did not seek reinstatement from this suspension.
In 2007, we suspended petitioner for two years for engaging in misconduct that included neglect of a legal matter, failure to communicate with his client, failure to make reasonable efforts to expedite litigation, engaging in conduct prejudicial to the administration of justice, and failure to cooperate with the ODC in its investigation. In re: Thornton, 07-0204 (La. 6/15/07), 958 So.2d 656 (“Thornton II").
In May 2016, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E) The ODC took no position regarding 12the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to a two-year period of supervised probation with conditions. Petitioner objected to this recommendation, and the matter was reviewed by the disciplinary board.
A majority of the board agreed that petitioner should be reinstated subject to a two-year period of supervised probation with conditions. One board member dissented and would recommend that the period of probation be limited to one year.
Petitioner filed an objection in this court to the disciplinary board’s recommendation.
DISCUSSION
After considering the record in its entirety, we find petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law. Petitioner has demonstrated that he recognizes the wrongfulness and seriousness of the misconduct for which he was suspended in Thornton I and Thornton II. Petitioner has also shown that he possesses the requisite competence, honesty, and integrity to be reinstated to the practice of law. However, as recognized by the hearing committee and the disciplinary board, further precautions are warranted to insure that the public will be protected as petitioner returns to practice nearly ten years after his suspension. See Supreme Court Rule XIX, § 24(J).
Accordingly, we will order that petitioner be conditionally reinstated to the practice of law, subject to a two-year period of probation governed by the following conditions:
|31. Successful completion of a two-year probationary period during with petitioner will be supervised by a probation monitor or will associate with a law firm or other lawyer licensed to practice law in Louisiana who will be responsible for monitoring him during that period.
2. No less than quarterly reporting to the probation monitor, if a probation monitor is utilized.
*854 3. Successful completion and attendance at the LSBA Annual Solo and Small Firm Conference and the LSBA Four Corners Seminar.
4. Petitioner must not violate any Rules of Professional Conduct throughout the period of his conditional reinstatement.
5. Should petitioner have a disciplinary complaint lodged against him at any time during the period of his conditional reinstatement, he must promptly and fully cooperate with any investigation conducted by the ODC.
6. Should petitioner fail to comply with these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary enforcement, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Keith D. Thornton, Louisiana Bar Roll number 20392, be immediately reinstated to the practice of law in Louisiana, subject to a two-year period of supervised probation governed by the conditions set forth herein. The probationary period shall commence from the date petitioner, the ODC, and the probation monitor execute a formal probation plan. Should petitioner fail to comply with the conditions of Lprobation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.