ATTORNEY DISCIPLINARY PROCEEDING PER CURIAM |, This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Darryl L. Robertson, an attorney licensed to practice law in Louisiana. • PRIOR DISCIPLINARY HISTORY Before we. address the current matter, we And it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 2002. In 2009, we suspended respondent from the practice of law for one year, fully deferred, subject to one year of probation with conditions, for neglecting his client’s legal matter, causing the case to be dismissed, failing to communicate with his client, failing to return the client’s file, failing to respond to opposing counsel’s requests, and failing to comply with federal court orders. In re: Robertson, 09-1353 (La. 10/16/09), 19 So.3d 1186 (“Robertson I"). Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding. FORMAL CHARGES In January 2014, Melissa Veal’s son, a middle school student in East Baton Rouge Parish, was physically attacked at the school system’s bus transfer hub. In ^February 2014, Ms. Veal retained respondent to handle the matter, but thereafter she had difficulty contacting respondent by telephone. She then went to the clerk of court and could find no evidence that respondent had filed suit on her son’s behalf. In June 2015, Ms. Veal filed a complaint against respondent with the ODC. In reply to Ms. Veal’s complaint, respondent stated that he had been in contact with Ms. Veal several times, that he had filed suit under “Number 636,496, Section 25,” and that there were “ongoing negotiations with the school system to reach an amicable settlement.” The response gave no other information and no documentation was attached. The ODC took respondent’s sworn statement in January 2016. During the statement, respondent confirmed that a school student was responsible for the attack against Ms. Veal’s son. A juvenile proceeding was brought against the attacker. Because juvenile records are sealed, respondent was unable to discover the identity of the attacker or the outcome of the juvenile adjudication. Respondent indicated there was no police report on the attack. Respondent stated that he filed suit in January 2015 against the East Baton Rouge Parish School System, the East Baton Rouge Sheriffs Office, and the parents of the unknown juvenile attacker. In error, respondent served the school superintendent instead of the school board. The school system and the sheriffs office both filed exceptions to the suit. Respondent did not file responsive pleadings to the exceptions. The trial court ruled on the exceptions in September 2015, giving respondent thirty days to amend the petition to cure the defects. Respondent did not amend the petition or file any other pleadings in the matter. During his sworn statement, respondent did not appear to understand the complexities of civil law practice and procedure. When questioned about same, respondent stated that his primary area of expertise is criminal law, not civil law. Respondent realized soon after filing suit that Ms. Veal did not have a viable legal | ¡¡claim against the school system or the sheriffs office and would not be able to recover against either of those defendants. Due to his lack of experience with Louisiana civil procedure, respondent was unable to offer competent representation to Ms. Veal. Respondent admitted that he failed to properly research the case law for this type of claim and filed suit against the wrong parties. DISCIPLINARY PROCEEDINGS In July 2016, the ODC filed formal charges against respondent, alleging that his conduct, as set forth above, violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), and 1.4 (failure to communicate with a client). Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration. Hearing Committee Report After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. jyThe committee determined that respondent negligently violated duties owed to his client, causing harm to his client. The committee determined that, under the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction ranges from reprimand to suspension. In aggravation, the committee found only a prior disciplinary record. In mitigation, the committee found the absence of a dishonest or selfish motive. The committee added that respondent primarily practices criminal law, working as a public defender. After also considering this court’s prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for one year, with six months deferred, subject to a one-year period of supervised probation. The committee further recommended respondent be required to attend the Louisiana State Bar Association’s Ethics School, Neither respondent nor the ODC filed an objection to the hearing committee’s report. Disciplinary Board Recommendation After review, the disciplinary board determined that the factual allegations of the formal charges are deemed admitted and proven by clear and convincing evidence. The board also determined that the legal conclusions of the hearing committee are supported by the factual allegations asserted in the formal charges and/or by the evidence submitted in support of the allegations. The board further determined that the committee correctly applied the Rules of Professional Conduct. The board determined that respondent violated a duty owed to his client. In failing to communicate with his client, he acted at least negligently, but potentially knowingly. In failing to diligently pursue his client’s matter, he acted knowingly. Respondent was aware that the petition was insufficient and that he did not | investigate the matter sufficiently to discover the name of the alleged perpetrator; however, he did not intend to accomplish any unfavorable result for his client. In accepting the representation despite knowing that he was not competent in civil law, and by failing to become competent in the required area of the representation or to obtain help from competent counsel, respondent acted knowingly. Respondent caused actual injury as a portion of his client’s suit was dismissed with prejudice, resulting in her losing the ability to pursue further legal action against that particular defendant.[1] The board determined that, under the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction is suspension. , In aggravation, the board found only a prior disciplinary record. In mitigation, the board found only the absence of a dishonest or selfish motive. After further considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended respondent be' assessed with all costs and expenses of this matter. Neither respondent.nor the ODC filed an objection to. the disciplinary board’s recommendation. DISCUSSION Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of-the record to determine whether the alleged misconduct has Rbeen proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57. In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are, deemed admitted. Supreme Court Rule XIX, § 11(E)(3)., Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La. 1/10/03), 838 So.2d 715. The evidence in the record of this deemed admitted matter supports a finding that respondent provided incompetent representation to a client, neglected a legal matter, causing a portion' of his client’s case to be dismissed, and failed to communicate with a client. As such, he has violated the Rules of Professional Conduct as alleged by the ODC. Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984). ^Respondent negligently ánd knowingly violated duties owed to his client, causing actual harm. The baseline sanction for this type of misconduct is suspension.’ The aggravating and mitigating factors found by the board are supported by the record. As an additional aggravating factor, respondent has substantial expedience in the-practice of law. Turning to the issue of an appropriate sanction, we take guidance from In re: Kehr, 07-0071 (La. 3/23/07), 952 So.2d 668, and In re: Kurzweg, 03-2902 (La. 4/2/04), 870 So.2d 978. In Kehr, we suspended an attorney for one year and one day for neglecting a legal matter, failing to communicate with a client, and failing to cooperate with the ODC 'in its investigation. We noted that the attorney’s “conduct caused significant and .actual harm to [her client] by delaying resolution of her case and depriving her of funds.” We also found • that her prior discipline for similar misconduct was “most significant.” In Kurzweg, we suspended an attorney for one year-and one day for neglecting a’legal matter, failing to communicate with his client, and failing* to cooperate with the ODC. We noted that his actions caused actual injury to his client, whose lawsuit was dismissed on grounds of abandonment,' There were no mitigating factors present, and the applicable aggravating factors included'th'e attorney’s substantial experience in the practice of law and prior disciplinary record. In light of this jurisprudence, as well as respondent’s prior discipline for similar misconduct, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day. DECREE Upon review of the findings arid recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Darryl L. Robertson, Louisiana Bar Roll number 28202, be and he hereby is suspended from |sthe practice of law for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid. ' . According to the testimony respondent provided in his sworn statement, both the sheriff’s office and the school system were dismissed without prejudice when the trial court heard the defendants’ exceptions in September 2015. Thereafter, the school system moved to be dismissed with prejudice, That motion was set to be heard in February 2016. The parents of the unknown juvenile attacker remain a party to the lawsuit.