JjPER CURIAM.
This matter arises from two petitions for consent discipline filed jointly by respondent, Shawn Paul Welcome, an attorney licensed to practice law in the State of Louisiana but currently on interim suspension, and the Office of Disciplinary Counsel (“ODC”) prior to the institution of formal charges.
UNDERLYING FACTS
The underlying facts of these matters are not in dispute, having been stipulated to by the parties.
00-BB-112

The Hammons Matter

In March 1999, Rebecca Hammons retained respondent to handle a workers’ compensation matter. Respondent neglected the case and failed to communicate with his client. He also failed to return to Ms. Hammons the file relating to the matter.
In February 2000, Ms. Hammons filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear on June 14, 2000 and answer the complaint under oath. Respondent failed to appear.

19The Koshen Matter

In July 1996, Richard Koshen retained respondent to file a civil suit against his former employer. Respondent negotiated a settlement with the defendant and accepted a check in the amount of $221 from him. However, Mr. Koshen had not approved the settlement of the case for that amount. Moreover, respondent did not give the $221 check to Mr. Koshen. He thereafter neglected the case and failed to communicate with his client.
In March 2000, Mr. Koshen filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear on June 14, 2000 and answer the complaint under oath. Respondent failed to appear.

The Tulane Law School Matter

On December 29, 1999, respondent issued a $300 check to Tulane Law School in payment of the registration fee for a continuing legal education program sponsored by the law school. The check was subsequently returned NSF. Although the law school made several attempts to collect the seminar fee from .respondent, he failed to make the check good.
In May 2000, Ms. Gilda Cross of Tulane Law School filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a sub *521 poena compelling him to appear on June 14, 2000 and answer the complaint under oath. Respondent failed to appear.
|s02-DB-003

The Dupre Matter

In February 2000, Marshall Dupre retained respondent to handle a child support and child custody matter. Mr. Dupre paid respondent $3,505.66, of which $1,500 represented respondent’s fee and $250 represented filing fees; the remaining sum, $1,755.66, was to be paid toward Mr. Dupre’s child support obligation. Respondent neglected the case and failed to communicate with his client. He also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee. Furthermore, respondent did not promptly remit Mr. Dupre’s child support payment.

The Gregoire Matter

In January 1999, Leo John Gregoire, Jr. retained respondent to handle his divorce. Although respondent filed the petition for divorce, he thereafter neglected the case and failed to communicate with his client. He also failed to account for any earned portion of the legal fee Mr. Gregoire paid and failed to refund the unearned portion of the fee.

The Davis Matter

In February 2000, David Scott Davis paid respondent $1,700 to handle a criminal matter. Respondent neglected the case and failed to communicate with his client. He also failed to refund the unearned portion of the fee Mr. Davis paid.

The Ely Matter

Lucille Ely retained respondent to write her will. After Mrs. Ely died, her heirs tried to contact respondent to obtain the papers he had prepared so that the will could |4be probated. However, respondent failed to communicate with the heirs and failed to forward to them the papers he possessed.

The Wilkerson Matter

In June 1999, Louis Wilkerson paid respondent $950 to handle a divorce and partition of community property. Although respondent initially completed some work on Mr. Wilkerson’s behalf, he thereafter neglected the matter. He also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee.

The Thormas Matter

In November 2000, Ronnie Thormas retained respondent to handle three unrelated legal matters. Mr. Thormas paid respondent $2,500, along with $200 in filing fees. Although respondent completed one of the matters he had been retained to handle, he neglected the other two matters and failed to communicate with his client. He also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee.
DISCIPLINARY PROCEEDINGS

Petitions for Consent Discipline

The ODC conducted an investigation into the complaints filed against respondent. On September 7, 2000, prior to the institution of formal charges, respondent and the ODC filed a joint petition for consent discipline in OO-DB-112. In the petition, respondent admitted that his conduct in the Hammons, Koshen, and Tulane Law School matters constituted a violation of Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to |Kcommunicate with a client), 1.16(d) (termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresenta *522 tion), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. The parties agreed that the mitigating factors present are absence of a prior disciplinary record, inexperience in the practice of law (admitted 1996), and remorse; the aggravating factors present include a pattern of misconduct, multiple offenses, and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the orders of the disciplinary agency. For his misconduct, the parties proposed that respondent be suspended from the practice of law for one year and one day, followed by a two-year period of supervised probation with conditions.[1]
After the filing of the joint petition for consent discipline, the ODC received additional complaints against respondent. This prompted the parties to file a second petition for consent discipline, encompassing the new complaints. On December 28, 2001, respondent and the ODC filed a joint petition for consent discipline in 02-DB-003. In the petition, respondent admitted that his conduct in the Dupre, Gregoire, Davis, Ely, Wilkerson, and Thormas matters constituted a violation of Rules 1.3, 1.4, |fi1.5(f) (payment of fees in advance of services), 1.15 (safekeeping property of clients or third persons), 1.16(d), and 8.4(a) of the Rules of Professional Conduct. The parties agreed that the mitigating factors present are absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal and emotional problems,[2] timely good faith effort to rectify the consequences of the misconduct,[3] cooperative attitude toward the proceedings, inexperience in the practice of law, physical or mental disability or impairment, and remorse; the aggravating factors present include a pattern of misconduct and multiple offenses. For respondent’s misconduct, the parties sought the imposition of an eighteen-month suspension, to run concurrently with the suspension proposed in 00-DB-112.[4] The parties also agreed that respondent’s suspension shall be followed by a two-year period of supervised proba *523 tion subject to the same conditions as set forth in OO-DB-112.
On January 25, 2002, the two petitions for consent discipline were consolidated in the disciplinary board. Shortly thereafter, the ODC and respondent filed a joint motion for interim suspension, which this court granted on February 20, 2002. In re: Welcome, 02-0289 (La.2/20/02), 811 So.2d 874.

ItDisciplinary Board Recommendation

The disciplinary board reviewed the petitions for consent discipline separately. In connection with OO-DB-112, the board determined that respondent’s misconduct was knowing and intentional and violated duties owed to his clients, the disciplinary system, and the profession. As to the Hammons and Koshen matters, the board found that respondent knowingly failed to perform services for a client, knowingly dealt improperly with client property, and engaged in a pattern of neglect, causing actual injury to Ms. Hammons and Mr. Koshen. As to the Tulane Law School matter, the board found respondent initially failed to honor the check he had written for the CLE seminar fee, despite several attempts at collection by the law school; this conduct harmed Tulane by depriving it of monies rightfully owed it for an extended period of time. The board concluded this conduct was both knowing and intentional, as was respondent’s failure to respond to the complaints filed against him by his clients and the law school, and his failure to appear for a sworn statement pursuant to subpoena. Respondent’s failure to cooperate with the ODC caused harm to the legal profession by unjustly delaying the resolution of the complaints.
Based upon its review of the record, the board agreed with the parties’ assessment of the aggravating and mitigating factors present. After considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence of this court dealing with misconduct similar to respondent’s, the board concluded that a suspension is the baseline sanction in this case. Under the circumstances, the board agreed a one year and one day suspension from the practice of law, followed by a two-year period of probation with conditions, is appropriate for respondent’s misconduct in OO-DB-112.
In connection with 02-DB-008, the board determined that respondent’s misconduct was knowing and negligent and violated duties owed to his clients. |s Be-spondent neglected his clients’ legal matters, failed to communicate with his clients, and failed to promptly return their property and unearned legal fees. Although the record does not provide specific information as to any injury suffered by the six clients at issue, at a minimum, it was established that these clients’ legal matters were unduly delayed and that they were deprived of funds or other property to which they were entitled for an extended period of time.
With respect to the aggravating and mitigating factors, the board agreed with the parties that a pattern of misconduct and multiple offenses should be considered in aggravation. However, the board found one of the mitigating factors cited by the parties, namely physical or mental disability or impairment, is not supported by the record. First, no evidence of a physical disability was presented by the parties. Furthermore, only limited evidence was presented to establish that respondent suffered from depression and substance abuse during the relevant time period. Notwithstanding this evidence, the parties presented nothing to establish a direct causation between the mental disability and chemical dependency and the misconduct at issue. Based on this reasoning, the board did not consider this factor in mitigation.
*524 After considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence of this court dealing with misconduct similar to respondent’s, the board concluded that a suspension is the baseline sanction in this case. Under the circumstances, the board agreed an eighteen-month suspension from the practice of law, followed by a two-year period of probation with conditions, is appropriate for respondent’s misconduct in 02-DB-003.
In sum, the board found the proposed discipline in both matters appropriately addresses respondent’s misconduct. Accordingly, the board recommended the joint petitions for consent discipline be accepted. The board further recommended that the 19discipline imposed in 00.-DB-112 and 02-DB-003 run concurrently, retroactive to the date of respondent’s interim suspension.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The rule violations in this case, as admitted by respondent, principally involve failure to account for and refund unearned fees, failure to communicate with clients, neglect of client matters, and failure to cooperate with the ODC. The sole issue presented for the court’s consideration is whether the eighteen-month suspension proposed by respondent and the ODC is an appropriate sanction for respondent’s misconduct.
In fashioning an appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In prior cases involving similar misconduct, this court has imposed sanctions ranging from disbarment to fully deferred suspensions. After reviewing the record in its entirety, we find the scale is tilted in this case toward the lower end of the range. Of particular note is the fact that all of respondent’s misconduct occurred within the same time frame — late 1999 and 2000 — during a period in which respondent Imsuffered personal and emotional problems. Given the mitigating factors present in this case, in particular the absence of a prior disciplinary record and respondent’s inexperience in the practice of law, absence of a dishonest or selfish motive, and timely good faith effort to rectify the consequences of his misconduct, coupled with the relatively minor aggravating factors present, we conclude an eighteen-month suspension is an appropriate sanction for respondent’s misconduct.
Based on these factors, we find the proposed consent discipline is adequate under the circumstances. Accordingly, we will accept the joint petition for consent discipline and suspend respondent from the practice of law for eighteen months, retroactive to the date of his interim suspension.[5]
*525 DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Shawn Paul Welcome be suspended from the practice of law for eighteen months, retroactive to his February 20, 2002 interim suspension. All costs and expenses in these matters are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., would reject the consent discipline.

.The parties proposed the following conditions:
1. Respondent shall establish and maintain an effective calendaring system and method to communicate with clients and shall obtain the assistance of the LSBA’s Loss Prevention Counsel and Practice Assistance Counsel in the creation of a proper law office management program;
2. Respondent shall enroll in and attend one full day of Ethics School administered by the LSBA’s Practice Assistance and Improvement Committee;
3. Respondent shall maintain current in the law during his period of actual suspension by satisfying all annual MCLE . requirements in a timely fashion, and shall pay all bar dues and disciplinary assessments;
4. Respondent shall respond to all reasonable requests of his probation monitor; and
5. Respondent shall refund any funds due to his clients.

. Respondent had a substance abuse problem during the relevant time period, and suffered from depression and anxiety. The parties represent that he has "sought professional help for his emotional and personal problems in order to rectify his situation.”

. After the complaints were filed, respondent made restitution to Mr. Dupre, Mr. Gregoire, Mr. Davis, and to Mrs. Ely’s family; he returned Mrs. Ely’s papers to her family; and he remitted the child support payment on Mr. Dupre’s behalf. Furthermore, in connection with 00-DB-112, respondent has returned $221.64 to Mr. Koshen and paid $330 to Tulane Law School for the CLE seminar.

. The parties proposed concurrent discipline because the misconduct in 02-DB-003 is similar to and occurred in the same time frame as the misconduct addressed in the petition filed in 00-DB-112.

. The joint petition for consent discipline also provides for a two-year period of supervised probation with conditions. However, such issues, along with any other relevant factors, may be addressed if and when respondent *525 applies for reinstatement. See In re: Harris, 99-1828 (La.9/17/99), 745 So.2d 1172.