ATTORNEY DISCIPLINARY PROCEEDINGS ■
PER CURIAM.
| ¶This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Trent Anthony Garrett, Sr., an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Count I — The Honoré Matter
Lori Honoré retained respondent to represent her in a personal injury matter arising out of an August 22, 2007 automobile accident. Respondent believed that he had timely filed the petition for damages by fax prior to midnight on Friday, August 22, 2008, the last day of the one-year prescriptive period. However, the fax confirmation from the clerk of court’s office indicates the pleading was not sent until 12:20 a.m. on Saturday, August 23, 2008. In June 2009, the trial court granted the defendant’s exception of prescription and dismissed the suit with prejudice. Respondent then filed a motion for , new trial on Ms. Honoré’s behalf, but he failed to appear for the hearing and the motion was denied.
In February 2010, Ms. Honoré filed a complaint against respondent with the ODC. The ODC alleges that respondent did not cooperate in its investigation of the complaint and did not update his primary registration address with the Louisiana State Bar Association (“LSBA”). The ODC also alleges that respondent Rfailed to properly withdraw from Ms. Honoré’s representation and failed to promptly return a complete copy of her file.
The ODC alleges that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(c).(failure to timely notify the LSBA of changes of address), 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.15(a) (safekeeping property of clients or third persons), 1.16(c)(d) (obligations upon termination of the representation), 3.2 (failure to expedite litigation), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate in a disciplinary investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
Count II — The Failure to Cooperate Matter
Respondent failed to respond in writing to a disciplinary complaint filed against him, necessitating the issuance of a subpoena for his sworn statement on April 6, 2011. The ODC’s investigator was unable to serve respondent with the subpoena despite several attempts to do so.
The ODC alleges that respondent’s conduct violated the following provisions of *1082 the Rules of Professional Conduct: Rules 8.1(b), 8.1(c), and 8.4(a).
Count III — The Child Support Matter
By way of background, respondent and his wife, Mary Walker, were divorced prior to his attending law school. In June 1999, as part of the divorce proceeding, respondent was ordered to pay $150 per month in child support to Ms. Walker.
Respondent enrolled in law school in 2001 and graduated in 2004. In January 2004, respondent submitted a Request for Preparation of Character Report |3to the National Conference of Bar Examiners (“NCBE”) in conjunction with his application for admission to the Louisiana bar. Respondent disclosed continuing child support obligations on his NCBE application, but he did not specifically disclose that his child support obligation to Ms. Walker was in arrears in the amount of $8,400 at that time.[1]
In December 2010, Ms. Walker filed a complaint against respondent with the ODC. The ODC sent notice of the complaint to respondent’s primary and secondary registration addresses via certified mail, but the notices were returned marked “unclaimed” and “attempted not known,” respectively. The ODC’s staff investigator ultimately served respondent with the complaint on April 12, 2011.
The ODC alleges that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(c), 8.1(a) (knowingly making a false statement of material fact in connection with a disciplinary matter or bar admission matter or application), 8.1(b), 8.1(c), and 8.4(a).[2]
DISCIPLINARY PROCEEDINGS
In September 2011, the ODC filed three counts of formal charges against respondent as set forth above. Respondent answered the formal charges, admitting to specific background facts but denying any misconduct. This matter then proceeded to a formal hearing on the merits.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings, including the following:
I/The Honoré Matter — Respondent did not timely file Ms. Honoré’s petition for damages, as the fax confirmation from the clerk of court’s office indicates the pleading was sent at 12:20 a.m. on the day after prescription ran. Respondent explained that he had been in negotiations with the insurance adjuster to settle Ms. Honoré’s claim, but when he was unable to confirm that a settlement agreement was in place, he filed suit. Respondent testified that he started trying to fax the petition to the clerk of court at 11:30 p.m. on the last day of the prescriptive period and that he had a fax confirmation sheet indicating a 12:02 a.m. time stamp on it. He also stated that the clerk’s office acknowledged that their fax machine had not been calibrated recently and that the time stamp may have been off by several minutes. However, there is no documentary evidence to support these claims. Respondent did not produce any record of fax attempts made from his machine or the fax confirmation sheet or any information from the clerk of court to call into question the time or date Ms. Honoré’s petition was filed.
*1083 With regard to the issue of respondent’s address and his alleged failure to cooperate, the committee noted that for a period of time, respondent used the address of his former mother-in-law’s residence, which is located next door to his home in Lafayette, as his primary registration address. Although he was unable to live in his home and did not have the means or a system in place to obtain his mail from that location, respondent indicated that this address was the best or only home address he had available.[3] According to the committee, this “was not a good decision.” However, the record indicates that respondent updated his secondary registration address at least five times with various work addresses as his employment and physical office addresses changed. The ODC’s staff investigator testified that the ODC did have respondent’s work information and that respondent | sdid receive some of the information that was sent to his work addresses. Respondent testified about having problems with his office staffing and/or receiving his mail, but the committee determined that those issues cannot completely explain the numerous problems the ODC had in serving him at the addresses he provided. The committee also pointed out that when respondent did receive notices, he did not always respond timely and within applicable delays.
The Failure to Cooperate Matter — This count of the formal charges encompasses only respondent’s failure to cooperate in a disciplinary investigation; the underlying complaint is not at issue. The committee agreed that the ODC’s allegations regarding its difficulty in serving respondent and his resulting failure to cooperate are supported by the evidence presented at the hearing.
The Child Support Matter — The committee found that respondent was not making his child support payments and that he was in arrears dating back to the 1990’s. Respondent stated that he was unaware he was in arrears when he signed his application to the Louisiana bar in 2004, but the committee found this testimony not to be credible in light of respondent’s admission that his wages and a tax refund had been garnished to satisfy a child support order. The committee noted that a garnishment proceeding means a debt is owed, and respondent failed to acknowledge this debt on his bar application. The evidence presented also confirms the ODC’s unsuccessful attempts to contact and serve respondent at his primary and secondary addresses.
Based on these factual findings, the committee determined that respondent violated Rules 1.1(c), 1.3, 1.15(a), 1.16(c)(d), 8.2, 8.1(a), 8.1(b), 8.1(c), and 8.4(a) of the Rules of Professional Conduct.
The committee did not discuss in its report the duties violated by respondent, his mental state, or the injury caused. The committee made no findings with respect to aggravating factors, but did find the absence of a prior disciplinary | (¡record in mitigation. The committee also noted as a mitigating factor “respondent’s continuing effort to ' keep his current work address updated, the apparent lack of a better home address than the Lafayette address he listed with the Bar, his testimony regarding the tree and water darhage to his home, [and] the difficulties with a permanent living situation.”
Based on the ABA’s Standards for Imposing Lawyer Sanctions, as well as the jurisprudence cited by the ODC, the committee recommended that respondent be *1084 suspended from the practice of law for three years, with all but.one year and one day deferred, followed by a period of probation with conditions.
Respondent filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings are supported by the record and are not manifestly erroneous. The board also agreed that the committee correctly applied the Rules of Professional Conduct, except that the board found respondent’s failure to promptly return Ms. Honoré’s file is not a violation of Rule 1.15(a) but is more appropriately addressed under Rule 1.16(d).[4]
The board determined that respondent violated duties owed to his client, the legal system, and the legal profession. His actions were negligent in some respects and knowing in other respects, resulting in actual injury to his client. Respondent failed to abide by the legal rules of substance and procedure that affect the administration of justice and failed to uphold the high standards of conduct |7expected of members of the bar. Citing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is suspension.
The board stated that the record does not support the finding of any aggravating factors, but noted that respondent did enT gage in a pattern of misconduct. The board found the following mitigating factors are present: absence of a prior disciplinary record and personal or emotional problems.
Based on these findings, and considering the compelling mitigating factors present, the board recommended that respondent be suspended from the practice of law for three years, with all but one year and one day deferred.[5] The board also recommended that respondent be assessed with the costs and expenses of this proceeding.
Respondent filed an objection to the disciplinary board’s report and recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), *1085 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
We have carefully reviewed the record of this matter and find clear and convincing evidence that respondent neglected Ms. Honoré’s personal injury case and failed to promptly return a complete copy of her file, failed to cooperate with the ODC in its investigation, and failed to specifically disclose his child support ar-rearages on his bar application. This misconduct amounts to violations of the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.16(d), 8.1(a), and 8.1(c).
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent violated duties owed to his client, the legal system, and the legal profession. The record supports a finding that although respondent’s conduct was negligent, actual harm resulted, at least in the case of Ms. Honoré, whose personal injury suit was dismissed with prejudice based upon the defendant’s exception of prescription. The baseline sanction for respondent’s misconduct is suspension. The record supports the mitigating factors found by the board, and furthermore that respondent was inexperienced in the practice of law at the time of the misconduct (admitted 2006). There are no aggravating factors present.
| flTurning to the issue of an appropriate sanction, we find that the sanction requested by the ODC, and recommended by the hearing committee and the disciplinary board, is overly harsh. There is no evidence that respondent acted intentionally, and the mitigating circumstances present here are compelling. Accordingly, we will suspend respondent from the practice of law for one year, with all but six months deferred, subject to a one-year period of supervised probation with the requirement that he attend and successfully complete the LSBA’s Ethics School program. We caution respondent that any violation of the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Trent Anthony Garrett, Sr., Louisiana Bar Roll number 30247, be and he hereby is suspended from the practice of law for one year. It is further ordered that all but six months of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on supervised probation for one year. As a condition of probation, respondent is ordered to attend and successfully complete the Louisiana State Bar Association’s Ethics School. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing *1086 additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with | inSupreme Court Rule XIX, § 10.1, with legal interest to commence thirty-days from the date of finality of this court’s judgment until paid.
VICTORY, Justice, dissents and assigns reasons.

. On April 13, 2006, when respondent was admitted to the Louisiana bar, his child support obligation to Ms. Walker was in arrears in the amount of $12,300. The arrearage was subsequently satisfied through garnishment proceedings.

. The ODC did not charge respondent with violating a court order relating to child support.

. Respondent testified that a tree damaged his home, resulting in water and mold damage to the residence and rendering it uninhabitable. After he lost his home, respondent slept at his office and lived out of his car because he had nowhere else to go.

. The board also found that respondent neglected the underlying legal matter in the Failure to Cooperate count; however, the ODC specifically did not charge respondent with any misconduct other than failing to cooperate in a disciplinary investigation.

. The board rejected the committee's recommendation of probation with conditions, recognizing that the court has typically declined to impose probationary periods or conditions in cases in which the sanction will require application for and reinstatement to the practice of law. See In re: Welcome, 02-2662 (La.1/24/03), 840 So.2d 519 (imposing an eighteen-month suspension from the practice of law, but declining to impose a two-year period of supervised probation with conditions because “such issues, along with any other relevant factors, may be addressed if and when respondent applies for reinstatement”).