*597 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Mack Arthur Hollis, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC initially filed formal charges against respondent on May 21, 2010, which charges addressed only the alleged misconduct set forth in Count I below. Respondent answered the charges, and the matter proceeded to a formal hearing on the merits conducted by the hearing committee on October 6, 2010. During the hearing, respondent admitted to engaging in conduct related to the misconduct in Count I that might constitute additional attorney misconduct. Nevertheless, the ODC did not amend the formal charges at that time.
Upon consideration of the charged misconduct only, the hearing committee and the disciplinary board both recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to two years of supervised probation with conditions. Respondent objected to the board’s recommendation, and the matter was set on this court’s docket for oral argument.
*598 Following oral argument and upon further review of the record, we deferred consideration of the charged misconduct pending the ODC’s investigation of the additional conduct to which respondent testified during the October 6, 2010 formal | shearing. Accordingly, we remanded the matter to the ODC for additional investigation and the institution of amended formal charges. In re: Hollis, 11-1387 (La.12/14/11), 76 So.3d 415.
The ODC amended the formal charges on February 16, 2012. Thus, the instant matter addresses the alleged misconduct subject of the initial formal charges (Count I) and the additional alleged misconduct discovered during the initial formal hearing (Count II).

Count I

In the summer of 2004, Ameshila Alfred, her mother, and her stepfather hired respondent to represent them in a personal injury matter stemming from a June 7, 2004 automobile accident. Respondent received the related accident report in October 2004. He encountered some difficulties in obtaining an in forma pauperis affidavit (hereinafter referred to as a “pauper affidavit”) from his clients. However, he ultimately received Ms. Alfred’s pauper affidavit and purportedly notarized same on February 10, 2005.
Respondent filed a petition for damages on behalf of his clients on May 3, 2006, nearly two years after the June 7, 2004 accident. The defendants filed an exception of prescription, and the trial court signed a judgment dismissing the lawsuit on November 27, 2006. Respondent subsequently informed his clients that the dismissal of their lawsuit was based upon his failure to timely file the petition.

Count II

As stated above, on October 6, 2010, the hearing committee conducted a formal hearing to address the alleged misconduct in Count I. During the hearing, respondent testified about Ms. Alfred’s pauper affidavit. Specifically, respondent admitted that he notarized the affidavit in August or September 2005 (after the ^prescription date) and not on February 10, 2005 as indicated on the affidavit. In his testimony, he claimed that he “didn’t want to put a prescribed date on there.” Respondent further testified that he notarized the affidavit outside of the presence of the affiant. Furthermore, he acknowledged that he is not, in fact, registered as a notary public in the State of Louisiana.
DISCIPLINARY PROCEEDINGS
As stated above, the ODC filed amended formal charges against respondent on February 16, 2012. The amended charges alleged that respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 3.3 (candor toward the tribunal), and 8.4.[1]
Respondent answered the amended formal charges, essentially denying any misconduct. Accordingly, the matter proceeded to a formal hearing on the merits.

Hearing Committee Report

After considering the evidence and testimony presented at the hearing, the hearing committee made the following factual findings:
*599 In his testimony, respondent acknowledged his representation of Ms. Alfred and her mother and stepfather in connection with injuries they sustained in an automobile accident on June 7, 2004. This fact is further evidenced by respondent’s August 23, 2004 letter to the defendant, which he attached to his initial reply to the disciplinary complaint. Between October 2004, when respondent initially communicated with the defendant insurer, and August or 14September 2005, which was after the one-year anniversary of the automobile accident, respondent took no significant steps to advance the claim or preserve his clients’ legal interests. Additionally, respondent filed the petition for damages on behalf of his clients on May 3, 2006, nearly two years after the accident date. His clients’ lawsuit was ultimately dismissed as prescribed. Respondent attempted to excuse his untimely filing of the lawsuit by explaining that he had relied on a piece of proposed legislation that was never enacted. However, he admitted that he never inquired further about the legislation.
Although Ms. Alfred’s pauper affidavit is dated February 10, 2005, respondent testified that he actually notarized it in August or September 2005. Respondent backdated the affidavit so it would not appear to have been notarized outside of the applicable prescriptive period. Additionally, respondent notarized the affidavit despite not being a registered notary, and did so outside the presence of the affiant. He indicated that he notarized the affidavit when he was not a notary because he relied on a judge’s statement to him that all Louisiana attorneys are notariés. He misunderstood and believed that, as an attorney, he did not need to register as a notary. However, he also admitted that he did not inquire further about his need to register as a notary, which the committee determined was more than mere negligence. The committee also determined that respondent acted intentionally and dishonestly in backdating the affidavit to help his argument that the claim was not prescribed and in notarizing the affidavit outside of the presence of the affiant.
Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the amended formal charges. The committee further determined that respondent negligently violated a duty owed to his clients, causing them actual harm. Additionally, the committee concluded that respondent intentionally violated duties owed to the public and the legal system Rwhen he notarized Ms. Alfred’s pauper affidavit, which caused actual harm to the integrity of notarial acts. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is suspension.
In aggravation, the committee recognized respondent’s refusal to acknowledge the wrongful nature of his conduct. In mitigation, the committee recognized the absence of a prior disciplinary record.
After further considering this court’s prior jurisprudence addressing similar misconduct, the committee recommended that respondent be suspended from the practice of law for one year and one day, followed by a period of probation with conditions.[2]
*600 Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation. However, in his pre-argument brief to the disciplinary board, respondent indicated that he disagreed with all of the allegations in the committee’s report and indicated that he was offended at the committee’s “unsavory characterizations” of his actions and the performance of his legal work.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings are supported by the record and are not manifestly erroneous. The board further determined that the committee correctly applied the facts to the Rules of Professional Conduct to conclude respondent violated the rules as alleged in the amended formal charges.
| fiBased on these findings, the board concluded that respondent violated duties owed to his clients, the public, the legal system, and the legal profession. His conduct was mostly negligent but, at times, was knowing and intentional. He caused significant actual injury to his clients in that they were barred from pursuing their personal injury claim. Furthermore, the potential for even greater harm exists as a result of respondent’s notarial misconduct should the documents he improperly notarized be rendered void. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension. The board agreed with the aggravating and mitigating factors found by the committee.
After further considering this court’s prior jurisprudence addressing similar misconduct, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent make restitution to his clients in the amount of $7,000, the estimated value of their claim had it not prescribed.
Neither respondent nor the ODC filed a timely objection in this court to the disciplinary board’s recommendation. However, after the expiration of the time for filing objections under Supreme Court Rule XIX, § 11(G)(1), respondent sought to file a “late” objection. On January 10, 2014, we issued an order rejecting respondent’s objection as untimely and, therefore, procedurally improper but permitting the filing of briefs, without oral argument. Respondent and the ODC both filed briefs in response to the court’s order.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has |7been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.l1/25/96), 688 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, respondent neglected his clients’ legal matter, causing their personal injury claim to prescribe. Additionally, he backdated Ms. Alfred’s pauper affidavit and improperly notarized the affidavit by (1) notarizing same outside of the presence of the affiant and (2) notarizing same when he was not a duly-commissioned notary. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in the amended formal charges.
*601 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We agree with the disciplinary board that respondent acted negligently, knowingly, and intentionally. He violated duties owed to his clients, the public, the legal system, and the legal profession, causing actual and potential harm. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the hearing committee and the board.
| ¡/Turning to the issue of an appropriate sanction, we find guidance from the case of In re: Porter, 05-1736 (La.3/10/06), 980 So.2d 875. In Porter, the attorney neglected a legal matter, failed to communicate with a client, and notarized an affidavit containing a forged signature. Noting the attorney’s remorse for his misconduct, we suspended him from the practice of law for one year. In the instant matter, respondent has engaged in similar misconduct. However, respondent has expressed no remorse and does not appear to recognize the wrongful nature of his conduct. Under these circumstances, we find respondent should be required to prove he has met the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E), before being allowed to return to the practice of law following his period of suspension.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day. We will further order respondent to make restitution to his clients in the amount of $7,000.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Mack Arthur Hollis, Louisiana Bar Roll number 27240, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent shall make restitution to his clients in the amount of $7,000. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Although the ODC does not reference any subsections of Rule 8.4, the language in the formal charges appears to indicate the ODC alleged that respondent specifically violated Rules 8.4(c) (engaging in conduct involving dishonest, fraud, deceit, or misrepresentation) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

. We have typically declined to impose probationary periods or conditions in cases in which the sanction will require application for and reinstatement to the practice of law. See In re: Welcome, 02-2662 (La. 1/24/03), 840 So.2d 519 (imposing an eighteen-month suspension from the practice of law, but declining to impose a two-year period of supervised probation with conditions because "such issues, along with any other relevant factors, may be addressed if and when respondent applies for reinstatement”).