*190 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
1 t This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Trent Anthony Garrett, Sr., an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in 2006. In October 2013, this court suspended respondent from the practice of law for one year, with all but six months deferred, followed by a period of supervised probation with Ethics School, for neglecting a legal matter, failing to promptly return a complete copy of a client file, failing to cooperate with the ODC in its investigation, and failing to specifically disclose his child support arrearages on his bar application. In re: Garrett, 13-0491 (La.10/15/13), 124 So.3d 1080 (“Garrett I”). Respondent has not yet sought reinstatement from this suspension and, thus, remains suspended from the practice of law.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
INFORMAL CHARGES
In November 2008, Benjamin Washington Turner, Jr. was involved in an automobile accident in Mississippi. In December 2008, Mr. Turner retained respondent to represent him in a claim for damages arising out of the accident. Thereafter, respondent allowed the applicable Mississippi statute of limitations to expire without filing suit on Mr. Turner’s behalf.[1] Mr. Turner subsequently filed a legal malpractice suit against respondent in the 19th Judicial District Court for the Parish of East Baton Rouge.
In November 2011, Mr. Turner filed a disciplinary complaint against respondent. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena for his sworn statement. During the June 2012 sworn statement, respondent chose not to respond to the allegations against him.[2] Since that time, respondent has had no further contact with the ODC regarding Mr. Turner’s complaint.
*191 DISCIPLINARY PROCEEDINGS
In June 2013, the ODC filed one count of formal charges against respondent, alleging his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
1 (¡Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee recommended respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined respondent violated duties owed to his client, the legal system, and the legal profession. His actions were knowing and intentional. After | considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension.
The board found the following aggravating factors are present: a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency. The board found the following mitigating factors are present: personal or emotional problems and inexperience in the practice of law (admitted 2006).
Turning to the issue of an appropriate sanction, the board considered the case of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), wherein the court observed that when a second attorney disciplinary proceeding involves conduct that occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. Noting the misconduct in Garrett I occurred during the same time period in which the substantive misconduct in the present matter occurred, the board determined that based on Chatelain, the substantive conduct in this matter must be considered with the misconduct subject of Garrett I, in which respondent received a one-year suspension, with six months deferred. The board concluded that, had the court considered the substantive miscon *192 duct in this matter with the misconduct in Garrett I, it would have suspended respondent from the practice of law for one year and one day.
As to respondent’s failure to cooperate, which occurred outside of the time period subject to the Chatelain analysis, the board recommended respondent be adjudged guilty of additional misconduct to be considered when and if he applies for reinstatement to the practice of law.
Finally, the board recommended respondent be assessed with the costs and expenses of this proceeding.
|KNeither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected a legal matter and failed to cooperate with the ODC in its investigation of the complaint filed against him. Accordingly, we agree respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the |f,profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record further supports a finding that respondent violated duties owed to his client, the legal system, and the legal profession, causing actual harm. His actions were knowing and intentional. The baseline sanction for this type of misconduct is suspension. The aggravating and mitigating factors found by the disciplinary board are supported by the record.
Turning to the issue of an appropriate sanction, we note the misconduct in Garrett I began in 2004 and continued through April 2011, while the substantive misconduct in the instant matter occurred between 2008 and 2011. Based on Chatelain, we agree the substantive misconduct in the instant matter should be considered along with the misconduct in Garrett I. Accord *193 ingly, for his neglect of Mr. Turner’s legal matter, we will impose a one year and one day suspension, retroactive to October 15, 2013, the date of respondent’s suspension in Garrett I.
As to respondent’s failure to cooperate with the ODC in 2011 and 2012, after the substantive misconduct in Garrett I, we agree with the board’s recommendation and will adjudge respondent guilty of additional misconduct to be considered when and if he applies for reinstatement to the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Trent Anthony Garrett, Sr., Louisiana Bar Roll number 30247, be and he hereby is suspended from the practice of law for a period of one year and one day, which suspension |7shall run retroactively to the suspension imposed in In re: Garrett, 13-0491 (La.10/15/13), 124 So.3d 1080. It is further ordered that respondent be and he hereby is adjudged guilty of additional violations warranting discipline, which shall be considered in the event he seeks reinstatement after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Mississippi imposes a three-year statute of limitations for personal injury claims. Mississippi Code Annotated § 15-1-49 (2012).

. In his sworn statement, respondent advised he did not want to comment on the Turner matter due to the pending malpractice suit. However, respondent further advised that he would be more than willing to comment on the matter once the suit was resolved.