# Supreme Court of Louisiana

The Opinions handed down on the **14th day of February, 2018**, are as follows:

**PER CURIAM**:

**2017-B-1547**          **IN RE: HAROLD D. REGISTER**

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Harold D. Register, Louisiana Bar Roll number 16764, be and he hereby is disbarred, retroactive to April 27, 2017, the date of his interim suspension. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked.  It is further ordered that respondent shall make restitution to LeDerian LeDay and to the third parties with an interest in his personal injury settlement, and shall pay the remaining funds owed to Dianne Glaude pursuant to their March 20, 2015 settlement agreement.  All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

GENOVESE,J., recused.
JOHNSON, C.J., dissents and assigns reasons.
HUGHES, J., dissents for the reasons assigned by Johnson, C.J.

SUPREME COURT OF LOUISIANA

NO. 2017-B-1547

IN RE: HAROLD D. REGISTER

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM[*]

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Harold D. Register, an attorney licensed to practice law in Louisiana but currently on interim suspension pursuant to a joint petition filed by the parties in April 2017. *In re: Register*, 17-0691 (La. 4/27/17), 218 So. 3d 94.

**UNDERLYING FACTS**

*Count I – The LeDay Matter*

In December 2009, while respondent was representing LeDerian LeDay in a criminal matter, Mr. LeDay was involved in an automobile accident. In August 2010, Mr. LeDay hired respondent on a contingency fee basis to represent him in his personal injury matter. The case settled in April 2011 for $10,000, at which time respondent endorsed the settlement check and deposited it into his client trust account. However, respondent did not disburse any funds to Mr. LeDay or provide him with a settlement disbursement statement. Respondent also did not pay Mr. LeDay's medical providers or satisfy a lien for Mr. LeDay's outstanding child support. In July 2013, Mr. LeDay filed a complaint against respondent with the ODC.

_____
[*] Genovese, J., recused.

Respondent gave a sworn statement to the ODC in May 2014. He acknowledged that no disbursement had been made to any party as of the date of the statement, over three years after he deposited the settlement check into his client trust account.

Mr. LeDay gave a sworn statement to the ODC in August 2014. He confirmed that no settlement funds had been disbursed as of the date of the statement. Mr. LeDay testified that this caused his credit standing to be negatively affected.

During the ODC's investigation, respondent promised to produce copies of his bank statements to the ODC. He failed to do so, necessitating the issuance of a subpoena. In October 2014, respondent gave a second sworn statement and again failed to provide his bank statements. When the ODC finally obtained the requested information from respondent, the bank statements reflected that on several occasions in 2012, 2013, and 2014, respondent's trust account balance fell below the $10,000 he was holding on Mr. LeDay's behalf.

The ODC alleged that respondent's conduct violated Rule 1.15 (safekeeping property of clients or third persons) of the Rules of Professional Conduct.

*Count II – The Glaude Matter*

This matter arises from litigation relative to the seizure of $129,852 in currency by the United States government, and regarding which the government later initiated a civil forfeiture complaint. The currency was seized from the son of Dianne Glaude, who subsequently died. In March 2008, Ms. Glaude paid respondent $1,200 to represent her interests in her claim (as the heir to her son) for the return of the seized currency. In April 2011, respondent filed an unsigned and incomplete Verified Statement of Claim on behalf of Ms. Glaude. In response, the government filed a motion to strike. Respondent failed to oppose the motion to strike and failed to appear at the hearing on the motion. Consequently, in June 2011,

2

the district court granted the motion to strike. Ms. Glaude's Verified Statement of Claim was stricken from the record, and her matter ultimately dismissed via default judgment.

In November 2011, Ms. Glaude filed a complaint against respondent with the ODC. Ms. Glaude asserted that respondent failed to communicate with her in a timely fashion throughout the representation, and when she did receive a text message from him, he indicated that he was "on top of this situation." Ms. Glaude also stated that respondent failed to notify her of the proceedings in the district court or of the ruling granting the motion to strike. In response to the complaint, respondent indicated that Ms. Glaude's case was complex and despite his best efforts he could not "change the position of the Federal Government." Respondent noted that he had filed a motion seeking reconsideration of the district court's ruling in order to protect Ms. Glaude's interests, but the motion was denied.[1]

Respondent gave a sworn statement to the ODC in August 2012. He could not recall whether he had filed an opposition to the motion to strike and despite repeated requests, did not produce a copy of any such pleading. Asked why he did not appear in court for the hearing on the motion, respondent stated that the date was not marked on his calendar. Respondent indicated that he made efforts to effectively represent Ms. Glaude, but he also admitted that his efforts were not sufficient to obtain a positive outcome.

In 2012, Ms. Glaude filed a legal malpractice suit against respondent. The suit was settled in Ms. Glaude's favor in March 2015.[2]

---

[1] The motion for reconsideration was denied in October 2011. The district court's ruling stated that "because Ms. Claude did not sign her verified complaint and failed to properly state her interest in the property at issue, this Court properly struck her Verified Statement of Claim. Accordingly, this Court hereby DENIES the Motion for Reconsideration."

[2] The settlement agreement called for respondent to pay Ms. Glaude $17,000 within twelve months. Respondent paid only $12,000, with his last payment being made in October 2015. Respondent testified at the formal hearing that he stopped making payments pursuant to the settlement

The ODC alleged that respondent's conduct violated Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct.

## DISCIPLINARY PROCEEDINGS

In April 2015, the ODC filed two counts of formal charges against respondent, as set forth above. He answered the formal charges, and the matter proceeded to a formal hearing on the merits, conducted by the hearing committee in September 2016.

### *Hearing Committee Report*

After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings that are consistent with the underlying facts set forth above. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.

The committee determined that respondent knowingly violated duties owed to his clients. Respondent caused actual harm to Mr. LeDay by failing to distribute the settlement proceeds and by failing to satisfy Mr. LeDay's outstanding lien and medical expenses. Ms. Glaude was actually harmed in that she lost her day in federal court and had to hire another attorney to assist her with recovery from the damages caused by respondent. She was further harmed by respondent's failure to honor the terms of the settlement agreement he had reached with her in the malpractice suit. After considering the ABA's *Standards for Imposing Lawyer Sanctions*, the committee determined that the applicable baseline sanction is suspension.

---

agreement when his contract as a public defender in Lafayette was terminated due to lack of funding.

In aggravation, the committee found a prior disciplinary record,[3] a pattern of misconduct, multiple offenses, substantial experience in the practice of law (admitted 1985), and indifference to making restitution. In mitigation, the committee found that respondent has demonstrated remorse.

After further considering respondent's misconduct in light of this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for three years. The committee also recommended that respondent be ordered to pay restitution to Mr. LeDay and to comply with the terms of the settlement agreement reached with Ms. Glaude.[4]

The ODC filed an objection to the hearing committee's report.

*Disciplinary Board Recommendation*

After review, the disciplinary board found that the hearing committee's factual findings are not manifestly erroneous, with two minor exceptions. Based on these facts, the board determined that respondent violated the Rules of Professional Conduct as charged.

The board determined that respondent knowingly violated duties owed to his clients. He caused significant harm to Mr. LeDay and to third parties by failing to disburse settlement funds and converting those funds. This conversion is ongoing as the funds, received in April 2011, have yet to be disbursed. Respondent harmed Ms. Glaude by depriving her of a hearing on her claim. After considering the ABA's

---

[3] In 2003, the disciplinary board publicly reprimanded respondent and placed him on supervised probation for eighteen months with conditions for failing to promptly disburse settlement funds, mishandling his client trust account, and neglecting legal matters.

[4] The committee further recommended that upon respondent's reinstatement to the practice of law, he be subject to a two-year period of supervised probation with conditions. However, this court does not typically impose a period of probation in cases when the suspension imposed is greater than one year and one day, as such issues, along with any other relevant factors, are best addressed if and when the lawyer applies for reinstatement. *See, e.g., In re: Southall*, 14-2441 (La. 3/17/15), 165 So. 3d 894; *In re: Welcome*, 02-2662 (La. 1/24/03), 840 So. 2d 519; *In re: Harris*, 99-1828 (La. 9/17/99), 745 So. 2d 1172.

*Standards for Imposing Lawyer Sanctions*, the board determined that the baseline sanction is suspension.

In aggravation, the board found a prior disciplinary record, multiple offenses, substantial experience in the practice of law, and indifference to making restitution. In mitigation, the board found remorse and remoteness of prior offenses.

After further considering this court's prior jurisprudence addressing similar misconduct, the board recommended respondent be disbarred. Three board members dissented and would recommend a three-year suspension from the practice of law.

Respondent filed an objection to the disciplinary board's recommendation. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the case was scheduled on our docket; however, respondent failed to file a brief and therefore waived his right to oral argument. Thereafter, the ODC filed a motion waiving its right to oral argument. We granted the ODC's motion and now consider the case based upon the record and the brief filed by the ODC.

## DISCUSSION

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. *See In re: Caulfield*, 96-1401 (La. 11/25/96), 683 So.2d 714; *In re: Pardue*, 93-2865 (La. 3/11/94), 633 So.2d 150.

6

The record of this matter supports a finding that respondent failed to provide competent representation to a client, neglected a legal matter, and converted client and third-party funds. This conduct amounts to a violation of the Rules of Professional Conduct as charged.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Respondent knowingly violated duties owed to his clients, causing actual harm. The baseline sanction for this type of misconduct is suspension.

The record supports the following aggravating factors: a prior disciplinary record, multiple offenses, substantial experience in the practice of law, and indifference to making restitution. The record supports the following mitigating factors: remorse and remoteness of prior offenses.

Turning to the issue of an appropriate sanction, in *Louisiana State Bar Ass'n v. Hinrichs*, 486 So. 2d 116 (La. 1986), we conducted an extensive review of the jurisprudence in conversion cases in order to determine the appropriate sanctions for different types of conversion. We reserved disbarment, then the most serious sanction available, for conversion cases in which one or more of the following elements are present:

> [T]he lawyer acts in bad faith and intends a result inconsistent with his client's interest; the lawyer commits forgery or other fraudulent acts in connection with the

7

> violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.

Here, respondent's conduct falls within the scope of disbarment. The length of the deprivation in the LeDay matter is extensive (more than six years), and respondent has failed to make restitution, causing great expense and inconvenience to Mr. LeDay and to third parties. Coupled with respondent's misconduct in the Glaude matter, we find there is no justification for a downward deviation from disbarment.

Under these circumstances, we will adopt the disciplinary board's recommendation and impose disbarment. We will also order respondent to make restitution to Mr. LeDay and to the third parties with an interest in his settlement and to pay the remaining funds owed to Ms. Glaude pursuant to their settlement agreement.

**DECREE**

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Harold D. Register, Louisiana Bar Roll number 16764, be and he hereby is disbarred, retroactive to April 27, 2017, the date of his interim suspension. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall make restitution to LeDerian LeDay and to the third parties with an interest in his personal injury settlement, and shall pay the remaining funds owed to Dianne Glaude pursuant to their March 20, 2015 settlement agreement. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule

8

XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

02/14/2018

# SUPREME COURT OF LOUISIANA

# No. 2017-B-1547

# IN RE: HAROLD D. REGISTER

# ATTORNEY DISCIPLINARY PROCEEDING

**JOHNSON, Chief Justice, dissents and assigns reasons.**

I disagree with the majority's decision to impose disbarment in this case. Based on the record, I find a more appropriate sanction to be suspension. I agree with the hearing committee's recommendation that respondent should be suspended from the practice of law for three years, subject to two years of supervised probation with conditions.

1

**SUPREME COURT OF LOUISIANA**

**2017-B-1547**

**IN RE: HAROLD D. REGISTER**

**ATTORNEY DISCIPLINARY PROCEEDING**

Hughes, J., dissents for the reasons assigned by Johnson, C.J.